UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
HONGYU XIE, *individually and on behalf of all others* :
*similarly situated*, :
:
                              Plaintiff, :        24-CV-6057 (JMF)
:
            -v- :       MEMORANDUM OPINION
:         AND ORDER
NANO NUCLEAR ENERGY INC. et al., :
:
                          Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On August 9, 2024, Plaintiff Yvette Yang filed a putative class action lawsuit on behalf of purchasers of Nano Nuclear Energy, Inc. ("NNE") securities between May 8, 2024 through July 18, 2024. ECF No. 1 ("Compl."), ¶ 1. The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Rule 10b-5, promulgated thereunder. On October 8, 2024, five movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* ECF Nos. 15, 16, 18, 19, 26. Two movants later withdrew their motions, *see* ECF Nos. 30, 32, 33, 37, leaving three: those filed by Thomas Reynolds, *see* ECF No. 18; Olivier Anfry, *see* ECF No. 19; and Hongyu Xie, *see* ECF No. 26.

        The PSLRA directs courts to presume that the most adequate lead plaintiff is the movant who, "in the determination of the court, has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The statute does not define "largest financial

interest," but "courts have generally relied on" four factors identified in *Lax v. First Merchants Acceptance Corp.*, No. 97-CV-2715 et al., 1997 WL 461036 (N.D. Ill. Aug. 11, 1997), commonly known as "the *Lax* factors," *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011); *see, e.g.*, *Hom v. Vale, S.A.*, No. 15-CV-9539 (GHW), 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127-28 (S.D.N.Y. 2011). The four factors are: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Richman*, 274 F.R.D. at 475. Courts tend to treat the factors in ascending order of importance, with the size of the loss being the most important, but each factor is "only a proxy — and an imperfect one — for determining" which applicant for lead plaintiff has "the largest financial interest." *Id.* at 476.

Here, there is no dispute that Xie is the movant with "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see* ECF No. 35 ("Anfry Opp'n"), at 4; *see also* ECF No. 38. Nevertheless, Anfry argues in his opposition to Xie's motion that Xie should not be appointed because Xie is "an atypical in and out trader and day trader." Anfry Opp'n 7-8. Some courts have indeed rejected "day traders" on the ground that they "traded based on daily market volatility rather than reliance on defendants' alleged misrepresentations," thereby "expos[ing]" their "claims to unique defenses that, win or lose, would distract from the litigation and sap [their] effectiveness on behalf of the class." *Rodriguez v. DraftKings Inc.*, No. 21-CV-5739 (PAE), 2021 WL 5282006, at *7 (S.D.N.Y. Nov. 12, 2021); *see id.* at *10-11 (citing cases). Others have, even earlier in the analysis, disregarded "losses incurred based on in-and-out trades — where an investor buys stock and sells it during the class period but before any disclosures — should not be considered." *Africa v. Jianpu Tech. Inc.*, No. 21-CV-1419 (JMF),

2021 WL 1999467, at *2 & n.1 (S.D.N.Y. May 19, 2021) (internal quotation marks omitted).

But these holdings do not call for rejection of Xie's motion here, substantially for the reasons set forth in her reply memorandum of law. See ECF No. 40. Specifically, Xie purchased *and* sold NNE securities on only four days of the seventy-one-day-long Class Period. See id. at 2. More significantly, she purchased 25,555 shares of NNE stock on July 17, 2024, and held those shares continuously through the corrective disclosures at the end of the Class Period, selling them — after twenty-seven days — on August 13, 2024. See id. at 2-3.[1] Thus, Xie's trading in NNE shares bears no resemblance to the trading activity in the cases on which Anfry relies to oppose her motion. Cf. Rodriguez, 2021 WL 5282006, at *4, 10 (declining to appoint as lead plaintiff a day-trader who traded "in and out 64 times" during the class period); Africa, 2021 WL 1999467, at *1 (denying a motion because "the vast majority" of the movant's "losses . . . result[ed] from in-and-out transactions, which took place during the class period, but before the misconduct identified was ever revealed to the public" (internal quotation marks omitted)); Eichenholtz v. Verifone Holdings, Inc., No. C 07-06140 MHP, 2008 WL 3925289, at *10 (N.D. Cal. Aug. 22, 2008) (denying a motion because a movant "may have [had] a day-trader member" who "made over 1,400 trades . . . over a five and a half month period," which "amounts to an average of over eight trades a day").

In light of the foregoing, the Court finds that Xie has the largest financial interest in the relief sought by the class. The Court also finds that Xie satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, substantially for the reasons stated in her opening brief. See ECF No. 26, at 8-11. Accordingly, Xie is appointed as lead plaintiff, and Pomerantz LLP — her counsel — is appointed as lead counsel. **As a result, the hearing scheduled for October**

---

[1] Notably, Anfry made his one and only purchase during the Class Period a mere one day later, on the final day of the Class Period. See ECF No. 25-1, at 3.

**30, 2024, is CANCELED as unnecessary**.  Per the Court's Order of August 23, 2024, lead counsel and Defendants shall confer and file a joint letter **no later than one week from the date of this Memorandum Opinion and Order** proposing a schedule going forward.  ECF No. 10.

The Clerk of Court is directed to update the docket to reflect the appointment of Xie as lead plaintiff, to conform the docket to the caption of this Memorandum Opinion and Order, and to terminate ECF Nos. 18, 19, 26.

SO ORDERED.

Dated: October 28, 2024
       New York, New York

_____
JESSE M. FURMAN
United States District Judge